Geeen, J.
delivered the' opinion of the court.
This is an action on the case. The declaration states the cause of action as follows;
“For that whereas, heretofore, to wit, the plaintiff on the 1st day of August, 1840, and previous thereto, to wit, from the 1st day of January, 1840, till the 1st day of August as aforesaid, had leased land of the defendant and was' peaceably possessed thereof, and had in cultivation, to wit, in corn growing, a field of eight and one-fourth acres, lyisg in the county of Sumner, which eight and one-fourth acres in cultivation as aforesaid, was enclosed by a fence, which likewise enclosed an adjoining field of oats, of the defendant’s, without there being any division fence between the said fields, and thereon the said Creath Neal, on the 1st day of August, 1840, without the permission, and against plaintiff’s orders, turned his stock into his said field after having taken off his oats, consisting of about 100 head of hogs, thirty head of cattle, horses, &c., and then and there, the said stock of hogs, cattle and horses came from *552 the said field of defendant, into the growing corn of the plaintiff, there being no cross or dividing fence between the plaintiff’s com and thfe defendant’s stubble field, and consumed, eat up and destroyed the said field of corn of the plaintiff, of great value, to wit, of the value of $200, which the defendant knew they would do when he turned said stock into the defendant’s field; whereupon the plaintiff saith that he hath sustained damages,” &c.
There was another coupt in the declaration, to which the de-fendantdemurred, , ■
The defendant pleaded not guilty, and upon this plea there was a verdict for the plaintiff, assessing his damage at $40.
The defendant moved in arrest of judgment, which motion was sustained by the court. A nolli prosequi was entered as to the second count of the declaration, and the plaintiff appealed in error to this court.
The counsel for the defendant, insists that the judgment of the court below was correct.
1st. Because there is no good cause of action in the facts set out in the plaintiff’s declaration.
The facts stated in the declaration are, briefly, that the plaintiff had leased from the defendant eight and one-fourth acres of ground, part of a large field, for the year 1840, which he had planted and cultivated in corn, and that the defendant had cultivated the remaining part of the field in oats; that after the oats were taken off, the defendant turned his hogs and cattle into his oats field, and there being no dividing fence between the oats and corn, -the hogs and cattle passed into the plaintiff’s corn, and destroyed it. This statement constitutes a good cause of action.
It was not necessary that the plaintiff should aver, that it was the duty of the defendant to build a dividing fence.
The defendant having leased part of the field to the plaintiff, the whole field being then enclosed, he had no light to remove any part of the enclosure; it follows that he had no right to put his stock within the enclosure, so as to cause injury to the plaintiff.
The plaintiff was not bound to build a division fence.
When one man rents a given portion of a field, to be cultivated in a given crop, he is prohibited from doing any thing, or so using the remainder of the field, as to defeat the very object for which the tenant had rented the land.
He may not by any act of hjs, prevent the tenant from enjoying *553 the use of the land, for the purpose for which he had rented it. If he does interrupt that enjoyment, either directly, by a trespass upon his tenant, or indirectly, by tearing away-portions of the enclosure, so that as a consequence, cattle shall enter and destroy the tenant’s crop, he should be liable for all the damage.
2nd. It is contended in the second place, that if the facts as set forth in this declaration, entitle the plaintiff to maintain an action, trespass, and not case, should have been brought. The declaration avers, that the defendant’s hogs and cattle, being in his oats field, came into the plaintiff’s corn, and eat it up and destroyed it.
Blackstone, in his Commentaries, (3 B. 211,) says, that a man is answerable for the trespass of his cattle, if by his negligent keeping, they stray upon the land of another, (and much more if he permit or drive them on,) and they there tread down his neighbor’s herbage, and spoil his corn or his trees. And the action that lies for a trespass committed upon another’s.land, either by a man himself or his cattle, is the action of trespass vi et armis. 6 Bac. Ab. 585. In every trespass upon the close of another, force is implied, for which this action lies. If the injury complained of, be only consequential, upon the act of the defendant, case is the remedy; but if immediate, it must be trespass.
In the case before the court, the cattle of the defendant went upon the field of the plaintiff, and destroyed his corn. The injury was immediate upon the act of the cattle, and as the owner is answerable for the trespass of his cattle, as though it were his own, the action of trespass lies.
But the counsel for the plaintiff in error, insists, that although trespass would lie, yet the action on the case, may also be sustained; that in such case, the plaintiff may elect to sue in case or trespass, and for this he cites and relies on Chitty, 146, and 14 John. Rep. 438. Chitty says, “if the injury were merely attributable to negligence or want of skill, and not to the wilful act of the defendant, with intent to injure the plaintiff, the party injured has, it seems, an election, either to treat the negligence or unskilfulness of the defendant as the cause of action, and declare in case, or to consider the act itself as the injury, and to declare in trespass.” Let us test the declaration before us by the authority.
The declaration says, that the defendant, “without the permission, and against the plaintiff’s orders, turned his stock into his *554 said field, that said stock came into the plaintiff’s corn, and eat up and destroyed it, which the defendant knew they would do, when he turned said stock into his, the defendant’s field.” In the first place, the injury complained of, is alleged to have been done by the wilful act of the defendant, and, therefore, is not a case according to the authorities, in which the right of election exists. But in the next place, the plaintiff in the declaration has treated the act itself as the injury. He is injured, he says, because the defendant turned his cattle into his corn field, knowing they would go into the plaintiff’s corn, and that he did this act wilfully against the plaintiff’s orders. The case of Blin vs. Campbell, 14 John. 433, goes no farther than the passage cited from Chitty. In that case, defendant fired a pistol and wounded the plaintiff’s leg. An action on the case was brought, and the court sustained the action, on the ground that it was a case for election. The court said, it clearly appeared the act was unintentional; it is a mere case of negligence. The action on the case, might, therefore, be sustained to recover damages for the negligence. . But even then, if the act itself had been stated, as the injury, trespass would have been the remedy. But if it had been alleged, that the defendant fired the pistol wilfully, and with an intent to injure the plaintiff, no case for election would have existed.
Although, therefore, we have been strongly inclined to sustain this action, we feel that it cannot be done, unless we break down all distinction between the actions of trespass on the case, and vi et armis, which it is needless to say this court cannot do.
We affirm the judgment.